
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **OSCOREN SHEPHERD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **7:20-cv-08033-LSC** |
| | ) | **(7:13-cv-00314-LSC-HNJ-1)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OF OPINION**

I.   **Introduction**

Before this Court is a motion by Oscoren Shepherd ("Shepherd" or "Petitioner")[1] to vacate, set aside, or otherwise correct his sentence of 180 months' imprisonment and sixty months' supervised release pursuant to 28 U.S.C § 2255 ("§ 2255"). (Doc. 1.) The Government responded in opposition to the motion. (Doc. 5.) For the reasons set forth below, Shepherd's motion (doc. 1) is due to be denied and the present action dismissed with prejudice.

II.   **Background**

---

[1] Petitioner's spelling of his surname varies between "Shepherd" and "Shepard" in his pleadings before this Court. (*Compare* Doc. 1 *with* Docs. 9, 11.) Because the case style reflects the spelling of "Shepherd," which is consistent with the majority of the pleadings in the present case as well as the underlying criminal case, this Court elects to follow that spelling of Petitioner's surname.

**A. Charges and Sentencing**

On July 30, 2013, a federal grand jury indicted Shepherd on one charge of being a felon[2] in possession of a firearm in violation of 18 U.S.C § 922(g)(1) ("§ 922(g)"). (Cr. Doc. 1-1 at 1–2 (sealed).)[3] Shepherd ultimately entered into a plea agreement with the Government and pleaded guilty to the charge. (Cr. Doc. 19.) This Court accepted his guilty plea on October 3, 2013. (Cr. Doc. 39 at 1, 17.)

Pursuant to the plea agreement, Shepherd stipulated that the factual basis therein was "substantially correct." (Cr. Doc. 19 at 4.) Specifically, Shepherd acknowledged that he was a felon at the time that law enforcement officers took him into custody for the offense at issue. (*Id.* at 3–4.) For sentencing purposes, the Government agreed to recommend a reduction in offense level for acceptance of responsibility and a term of imprisonment on the low end of the advisory sentencing guideline range. (*Id.* at 5.)

The United States Probation Office filed a presentence investigation report ("PSR") prior to Shepherd's sentencing hearing. (Cr. Doc. 25 (sealed).) Shepherd

---

[2] For purposes of this Opinion, the term "felony" refers to "a crime punishable by imprisonment for a term exceeding one year," and "felon" refers to an individual convicted of such a crime. *See* 18 U.S.C. § 922(g)(1); *see also Taylor v. United States*, 495 U.S. 575, 578 (1990) ("Under 18 U.S.C. § 922(g)(1), it is unlawful for a person who has been convicted previously [of] a felony to possess a firearm.").

[3] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Shepherd*, No. 7:13-CR-314-LSC-HNJ-001 (N.D. Ala. Feb. 19, 2014).

filed objections thereto, and the Probation Office filed an addendum that revised the PSR and specifically resolved each of Shepherd's objections. (Cr. Doc. 30 (sealed).) At Shepherd's sentencing hearing, this Court adopted the factual statements of the PSR (cr. doc. 25 (sealed)). (Cr. Doc. 40 at 2–3.) After finding that Shepherd had three qualifying felonies, this Court applied a sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and concluded that Shepherd's sentencing guideline range was 180 months to 210 months of imprisonment. (Cr. Doc. 40 at 3.) The Government recommended, and Shepherd requested (*see* cr. doc. 24 at 1), a sentence on the low end of the advisory guideline range. (Cr. Doc. 40 at 10.) Considering the nature and circumstances of the offense and Shepherd's history and characteristics, this Court determined that a sentence on the low end of the advisory guideline range was appropriate and sentenced Shepherd to 180 months of imprisonment followed by 60 months of supervised release. (*Id.* at 12, 14.) This Court entered judgment against Shepherd on February 19, 2014. (Cr. Doc. 27.)

    **B. Appeal**

    Shepherd filed a timely appeal of his conviction on March 5, 2014. (Cr. Doc. 31.) Shepherd made three arguments on appeal: (1) this Court erred in accepting his guilty plea because the plea lacked the support of a sufficient factual basis; (2) his

guilty plea is void because the term "possess" in § 922(g)(1) is unconstitutionally vague; and (3) he received ineffective assistance of counsel.[4] The Eleventh Circuit granted the Government's motion to dismiss as to Shepherd's second and third claims.[5] (Cr. Doc. 48.) With respect to Shepherd's first claim, the Eleventh Circuit affirmed his conviction, finding that Shepherd failed to demonstrate that this Court's error, if any, affected his substantial rights.[6] Shepherd did not petition for a writ of certiorari.

### C. § 2255 Proceedings[7]

On April 24, 2020, Shepherd filed a petition for a writ of habeas corpus ("Petition 1") pursuant to 28 U.S.C § 2241 with the U.S. District Court for the

---

[4] Brief for Appellant at 12–13, *United States v. Shepherd*, 639 F. App'x 630 (11th Cir. 2016) (No. 14-10976), ECF No. 24.

[5] The Eleventh Circuit determined that the appeal waiver in Shepherd's plea agreement with the Government barred him from raising his § 922(g)(1) claim on appeal. (Cr. Doc. 48 at 4.) Additionally, the Court found that Shepherd's ineffective assistance claim was improper on appeal and that he must raise such a claim pursuant to a § 2255 motion. (*Id.*)

[6] *Shepherd*, 639 F. App'x at 630–31.

[7] Shepherd requests that this Court appoint counsel to represent him for the present action. (Doc. 7.) "A plaintiff in a civil case has no constitutional right to appointment of counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Petitions under 28 U.S.C. § 2255 are civil actions. *See Woodford v. Ngo*, 548 U.S. 81, 91 n.2 (2006) ("[H]abeas corpus [is] an original . . . civil remedy for the enforcement of the right to personal liberty, rather than . . . a stage of the . . . criminal proceedings . . . or as an appeal therefrom.") (alterations in original) (quoting *Fay v. Noia*, 372 U.S. 391, 423–24 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977), *and abrogated on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991)). Accordingly, Shepherd's request for appointment of counsel (doc. 7) is due to be DENIED.

Central District of California.[8] (Cr. Doc. 54 at 20.) Shepherd was incarcerated in California at the time that he filed Petition 1. (*See id.*) The District Court in California transferred Petition 1 to this District, and U.S. District Judge Maze presided over the case.[9]

On August 18, 2020, Shepherd filed another § 2255 petition ("Petition 2") directly with this Court.[10] (Doc. 1.) Then, on September 22, 2021, Judge Maze adopted the report and recommendation of U.S. Magistrate Judge Cornelius and recharacterized Petition 1 as a § 2255 petition.[11] Judge Maze ordered the Clerk of this Court to file Petition 1 as a standalone motion in the underlying criminal case and left the decision as to whether to consolidate Petition 1 and Petition 2 to the district judge who would preside over both matters.[12] In light of the procedural entanglements as well as the similarities between the motions, this Court chooses to consolidate the two petitions for the purposes of this Opinion.

Liberally construing the claims in Shepherd's petition,[13] he asserts four claims

---

[8] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).
[9] *See Shepherd v. Martinez*, No. 7:20-cv-00689-CLM-SGC (N.D. Ala. Sep. 22, 2021), ECF No. 3.
[10] Although the mailbox rule applies, *see supra* note 6, Shepherd did not sign or date Petition 2. (*See* Doc. 1 at 24.) Consequently, this Court deems Petition 2 as filed on the date that the Clerk of this Court entered it into the record.
[11] *See Shepherd v. Martinez*, No. 7:20-cv-00689-CLM-SGC, ECF No. 16 and No. 17.
[12] *See supra* note 9, ECF No. 16 at 6 and No. 17 at 1.
[13] Because Shepherd is a *pro se* litigant, this Court liberally construes his pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

upon which he contends that he is due relief:

1. Pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Government failed to prove that Shepherd knew that he was a felon at the time that he possessed the firearm;

2. *Rehaif* rendered Shepherd's guilty plea involuntary because he lacked knowledge of all of the essential elements that the Government must prove in order to obtain a conviction under § 922(g)(1);

3. His two felony convictions for the unlawful distribution of a controlled substance do not qualify as "serious drug offenses" for purposes of the ACCA sentence enhancement; and

4. His felony conviction for first degree robbery does not qualify as a "crime of violence" for purposes of the ACCA sentence enhancement.

(Doc. 1 at 4–23.)

### III. Timeliness and Non-Successiveness of Shepherd's § 2255 Motion[14]

Because of the consolidation of Shepherd's petitions, this Court considers only Petition 1 for purposes of determining timeliness and non-successiveness. Accordingly, Petition 1 is Shepherd's first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. at §§ 2255(h), 2244(b)(3)(A).

The Eleventh Circuit affirmed Shepherd's conviction on May 12, 2016.[15]

---

[14] Because of the consolidation of Shepherd's petitions, this Court considers only Petition 1 for purposes of determining timeliness and non-successiveness.
[15] *See Shepherd*, 639 F. App'x at 630.

Because Shepherd did not petition for a writ of certiorari, his conviction became final on August 10, 2016. *See* SUP. CT. R. 13; *see also Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing the petition expires. A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered.") (citations omitted).

The date on which Shepherd filed Petition 1 in the Central District of California is the operative date for determining timeliness. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 (1965) (stating that, where a case is timely filed in an improper venue and transferred to the proper venue, the statute of limitations will not bar the action). Shepherd filed Petition 1 on April 24, 2020. (Cr. Doc. 54 at 20.) He asserts that the petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191. (Cr. Doc. 54 at 1.) Section 2255(f)(3) allows petitioners to file § 2255 motions within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). *Rehaif* created a new substantive right and is retroactively applicable to cases on collateral review. *See Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). Two of

Shepherd's claims derive from *Rehaif* and are thus timely. (Doc. 1 at 4–11.) However, the *Rehaif* decision recognized no new, retroactively applicable rights relevant to Shepherd's latter two claims, and such claims are thus due to be dismissed as untimely. Irrespective of timeliness, though, all of Shepherd's claims are due to be dismissed for the reasons stated below.

### IV. Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on

patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## V. Discussion

Shepherd asserts two claims under *Rehaif* and two claims regarding this Court's application of the ACCA sentence enhancement. (*See* Doc. 1 at 4–23.) All of Shepherd's assertions are meritless and due to be dismissed without a hearing.

All of Shepherd's claims are procedurally defaulted. "A 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion." *Seabrooks*, 32 F.4th at 1383–84 (citing *Lynn*, 365 F.3d at 1234). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234.

"If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." *Id.* at 1384 (citation omitted) (citing *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011)). "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error.'" *Id.* (quoting *Lynn*, 365 F.3d at 1234). "Under the actual innocence exception[,] . . . a [petitioner]'s procedural default is excused if he can show that he is actually innocent." *McKay*, 657 F.3d at 1196.

### A. *Rehaif* Claims

Shepherd asserts, pursuant to *Rehaif*, that he is entitled to relief because (1) he did not understand the essential elements of § 922(g)(1) when he entered his guilty plea and (2) the Government failed to prove that Shepherd knew he was a felon at the time that he possessed the firearm. (Doc. 1 at 4–11.) Shepherd's *Rehaif* claims, however, are procedurally defaulted because he failed to raise the claims on direct appeal. As a result, Shepherd can overcome the default only if one of the two exceptions to the procedural default rule applies. *See McKay*, 657 F.3d at 1196.

Shepherd cannot establish actual innocence. The actual innocence exception

is exceedingly narrow. *McKay*, 657 F.3d at 1198; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995) (stating that the actual innocence standard "ensures that petitioner's case is truly 'extraordinary'") (citation omitted). A petitioner must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *e.g.*, *McKay*, 657 F.3d at 1198. "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup* 513 U.S. at 327–28). "The petitioner thus is required to make a stronger showing than that needed to establish prejudice." *Schlup*, 513 U.S. at 327.

A petitioner alleging actual innocence on an 18 U.S.C. § 922(g)(1) conviction "must show that he had no knowledge of being a convicted felon when he possessed the firearm." *Whittle v. United States*, No. 2:20-cv-594, 2023 WL 3071092, at *2 (M.D. Ala. Feb. 24, 2023) (citing *Rehaif*, 139 S. Ct. at 2200, and *Hatcher v. United States*, No. 19-cv-8053, 2022 WL 4474915, at *2 (N.D. Ala. Sep. 26, 2022)); *see also Hatcher*, 2022 WL 4474915, at *2 ("To be actually innocent under *Rehaif*, . . . [the] [p]etitioner would have to be unaware that he is a felon."). Notably, though, "[i]n

felon-in-possession cases where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying [to argue] . . . that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring)); *see also, e.g.*, *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) ("[M]ost people convicted of a felony know that they are felons."). Multiple felony convictions and serving a term of imprisonment for longer than one year can provide circumstantial evidence that a petitioner knew he was a felon. *See United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019) ("[S]omeone who has been convicted of felonies repeatedly is especially likely to know he is a felon."); *Innocent*, 977 F.3d at 1083 ("[S]erving more than a year in prison provides circumstantial evidence of knowledge of felon status."); *Greer*, 141 S. Ct. at 2097–98 (discussing the defendants' multiple felonies; failure to dispute the fact of their prior convictions; stipulations to their felon status at trial and upon pleading guilty, respectively; and failure to argue on appeal "that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms" as "substantial evidence that [the defendants] knew they were felons").

Upon review of the record, this Court finds no evidence likely to lead a reasonable jury to conclude that Shepherd lacked knowledge of his felon status at the time that he possessed the firearm. Shepherd has an extensive criminal record. By 2010, Shepherd had three felony convictions — a fact to which Shepherd stipulated in his plea agreement. (*See* Cr. Doc. 19 at 4; *see also* Cr. Doc. 25 at 8–15 (sealed).) In a motion in limine that Shepherd filed before he pled guilty, he agreed to stipulate that he had at least one prior qualifying felony conviction for purposes of § 922(g)(1) as long as the Government did not introduce evidence regarding the specific circumstances of his prior convictions at trial. (Cr. Doc. 14 at 1.) Additionally, not only did Shepherd's felony convictions carry *potential* sentences exceeding one year, but Shepherd *actually received* sentences greater than one year for each of the felonies. (*See* Cr. Doc. 25 at 8–15 (sealed).) Shepherd noted himself during his sentencing hearing that he had served at least seven years in state prison before his arrest for possessing the firearm. (Cr. Doc. 40 at 8–9.) Because the record establishes that Shepherd knew that he was a felon at the time that he possessed the firearm, he cannot establish his actual innocence to overcome procedural default.[16]

---

[16] Shepherd also filed a Motion for Discovery in which he requests documents and information to support his allegation of his actual innocence. (Doc. 9 at 1–3.) Upon reviewing the record, and for the reasons explained above, none of the information that Shepherd requests would affect this Court's conclusion as to his claim of actual innocence. Accordingly, the Motion for Discovery (doc. 9) is due to be DENIED.

Neither can Shepherd establish cause and prejudice. "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that 'its legal basis [was] not reasonably available to counsel.'" *United States v. Bane*, 948 F.3d 1290, 1296–97 (11th Cir. 2020) (alteration in original) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *Innocent*, 977 F.3d at 1084. Shepherd, therefore, cannot utilize the "novelty" exception to excuse his procedural default. *See id.*; *see also Davis v. United States*, No. 15-cr-00019 and No. 20-cv-00072, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (citing multiple cases within the Eleventh Circuit in which district courts found that petitioners who did not challenge their convictions under 18 U.S.C § 922(g) in their pre-*Rehaif* direct appeals "failed to establish cause for procedural default based on the novelty exception"), *R. & R. adopted*, No. 4:15-cr-19-CDL-MSH-1, 2021 WL 4765495, at *1 (M.D. Ga. Oct. 12, 2021).

### B. ACCA Claims

Shepherd challenges this Court's classification of his convictions under Alabama Code § 13A-12-211(a) as "serious drug offenses" and of his conviction under Alabama Code § 13A-8-41 as a "crime of violence" for purposes of applying the mandatory sentence enhancement under the ACCA. (Doc. 1 at 12–23.) *See* 18

U.S.C. § 924(e)(2). Shepherd raised no objection to the classification of his convictions as serious drug offenses and/or a crime of violence in this Court during his criminal proceedings or in his appeal. (*See* Cr. Doc. 24 at 1.)[17] Consequently, Shepherd's claim with respect to the ACCA sentence enhancement is procedurally defaulted, and Shepherd alleges no facts sufficient to overcome the default.

In any event, the Eleventh Circuit affirmatively held that convictions under Alabama Code § 13A-12-211(a) "categorically qualify" as predicate serious drug offenses under the ACCA. *Hollis v. United States*, 958 F.3d 1120, 1123 (11th Cir. 2020). First-degree robbery under Alabama Code § 13A-8-41 likewise constitutes a crime of violence. *United States v. Hunt*, 941 F.3d 1259, 1262 (11th Cir. 2019) ("[F]irst-degree robbery in Alabama is a violent felony under § 924(e)(2)(B)(i), the elements clause of the ACCA."). Shepherd's argument regarding the unconstitutionality of the ACCA's residual clause in the definition of a crime of violence is therefore of no consequence because his conviction falls under the elements clause. Accordingly, this Court appropriately concluded that Shepherd had three predicate felony convictions and properly applied the mandatory ACCA sentence enhancement. Even despite any procedural default, then, Shepherd's argument remains unsuccessful.

---

[17] *See also* Brief for Appellant at 12–13, *Shepherd*, 639 F. App'x 630 (No. 14-10976), ECF No. 24.

## VI. Conclusion

For the foregoing reasons, Shepherd's § 2255 motion to vacate, set aside, or correct a sentence (doc. 1), as well as his motions for appointment of counsel and discovery (docs. 7, 9), are due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Shepherd's claims do not satisfy either standard.

A separate order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on August 10, 2023.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

211913